# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

CR 02-365(2) MJD/JGL

No. 03-2298

RECEIVED
BY MAIL
AUG 18 2005
CLERK, US DIST. COURT
ST. PAUL, MN

United States of America, *
*
Plaintiff - Appellee, *
*
v. *
*
Jose Antonio Alapizco-Rojas, also *
known as Simon Espinoza Lopez, *
*
Defendant - Appellant. *

Appeal from the United States District Court for the District of Minnesota.

[UNPUBLISHED]

Submitted: August 27, 2004
Filed: July 22, 2005

Before MELLOY, LAY, and COLLOTON, Circuit Judges

PER CURIAM.

We issued an initial opinion in this matter on August 12, 2004, summarily rejecting Mr. Alapizco-Rojas's claims on appeal and granting appointed counsel permission to withdraw. We then identified a potentially non-frivolous issue, vacated our August 12, 2004 opinion, and directed appointed counsel to consult with Mr. Alapizco-Rojas regarding the possibility of raising claims under Blakely v. Washington, 124 S.Ct. 2531 (2004).

Subsequently, the Supreme Court issued its opinion in United States v. Booker, 125 S.Ct 738 (2005), making Blakely applicable to the federal Sentencing Guidelines.

SCANNED
AUG 18 2005
U.S. DISTRICT COURT ST. PAUL

and effectively rendering the Guidelines advisory. Also, our court decided United States v. Pirani, 406 F.3d 543 (8th Cir. 2005), explaining the standards for preservation and review of Booker errors in pending cases. Under Pirani, an unpreserved Booker error does not warrant reversal unless the defendant can prove that the district court would have imposed a more favorable sentence had it not treated the Guidelines as mandatory. Pirani, 406 F.3d at 553.

Applying this authority to Mr. Alapizco-Rojas's case, we find no preserved error, review only for plain error, and find no plain error that would warrant relief. Mr. Alapizco-Rojas pled guilty to one count of conspiracy to possess and distribute over 500 grams of methamphetamine. The district court found the applicable Guidelines range to be 135-168 months and imposed a sentence of 135 months. Under Pirani, a sentence at the bottom of the Guidelines range, without more, is insufficient to demonstrate prejudice and warrant relief. Id. There is nothing else in the record to suggest that the district court would have imposed a lesser sentence had it not treated the Guidelines as mandatory.

Regarding the other issues Mr. Alapizco-Rojas raises on appeal, we reinstate our opinion of August 12, 2004, affirming the district court and granting counsel's motion to withdraw. Counsel is again reminded of the requirements of Part V of our Amended Criminal Justice Act Plan as set forth in our earlier opinion.

---



A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans